Second Appellate Department, March, 1900. Reported. 49 App. Div. 99.

In the Matter of the Application of ANNIE FLANAGAN, Respondent, for an Order Revoking and Canceling Liquor Tax Certificate Number 22,204, Issued to JAMES HARRIS, Appellant.

Application for a liquor tax certificate—Incorrect description of the place where the traffic is to be carried on.

Where an application for a liquor tax certificate states that the traffic is to be carried on in the "front room, ground floor, side or end of building," a statement that the applicant has obtained the necessary consents can not be construed to relate to a one-room addition, which has been pried away from the building and moved to the rear of the lot after the application was made.

APPEAL by James Harris from an order of the Supreme Court made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 25th day of July, 1899, revoking and canceling liquor tax certificate No. 22,204, granted by Charles L. Phipps, as county treasurer of Queens county, to James Harris.

*Frederick L. Gilbert,* for the appellant.

*John B. Merrill,* for the respondent.

HIRSCHBERG, J.: The application for a liquor tax certificate was made by James Harris on the 21st day of April, 1899. It purported to be accompanied, as required by section 17 of the Liquor Tax Law (Laws of 1896, chap. 112), as amended by chapter 312 of the Laws of 1897, by the consents of two-thirds in number of the owners of buildings occupied exclusively for a dwelling within 200 feet measured in a straight line of the nearest entrance. In answer to the question as to what particular place on the premises liquors were to be sold, the applicant answered "front room, ground floor, side or end of building." The applicant had leased the property April 20, 1899, and at that time it contained but a single building, a dwelling house with a small addition to it that was occupied as a kitchen. The kitchen addition, consisting of but one room, was thereafter pried away from the building and moved to the rear of the lot, and it is in this room that the applicant claims the right under his certificate to carry on traffic in liquors. The applicant stated in his application that attached thereto were the consents required by section 17 of the law. If the application is to be regarded as relating to the dwelling house as leased, this statement was untrue. If it is to be regarded as relating to the section of the dwelling house which has been pried off and removed to the rear of the lot, it may be true. The learned justice at Special Term decided that the removal of the small addition from the dwelling house to the rear of the lot was an afterthought, and was done to avoid the effect of his inability to secure the necessary consents. In this he was clearly correct. The statute requires (§ 17, subd. 3) a statement of the "specific location on the premises of the bar or place at which liquors are to be sold." The statement by the applicant, in compliance with this requirement, that it was to be in the front room on the ground floor, could not possibly refer

to a single and isolated room afterwards pried away from the building and carried to a remote corner of the lot.

The statement of the applicant that he had the necessary consents, and that they were attached to his application, was untrue, and being material brings the case within the terms of subdivision 2 of section 28 of the act, pursuant to which this proceeding has been instituted. He was not entitled to the certificate, and the court was justified in ordering its cancellation.

The order should be affirmed, with costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.